Gibson v. Miller

## TAXATION—COLLECTION.

[Hamilton (1st) Circuit Court, February 3, 1906.]

Jelke, Swing and Giffen, JJ.

### JOHN H. GIBSON, TREAS. v. G. T. MILLER ET AL.

1. COLLECTION OF UNPAID TAXES—PROVISIONS OF 97 O. L. 261 (LAN. R. L. 2452).

An action by a county treasurer for the collection of unpaid taxes, which was pending at the time of the amendment of Rev. Stat. 1104, on April 25, 1904 (97 O. L. 261; Lan. R. L. 2452), is subject to the provision thereof.

2. COLLECTION OF UNPAID TAXES—ALLEGATION THAT TAXES, ETC., STAND ON "FORFEITED DUPLICATE" SURPLUSAGE—DEFENDANT ENTITLED TO COSTS, ETC., IF PROPERTY IMPROPERLY ADVERTISED AND OFFERED FOR SALE.

An allegation in a petition by a county treasurer, in an action to collect delinquent taxes, that taxes and assessments stand charged on the forfeited duplicate," is mere surplusage so far as the right to maintain the action is concerned, but if it appear that the property was improperly advertised and offered for sale on the delinquent list, the defendant is entitled to an allowance for costs and interest expended on that account.

[Syllabus approved by the court.]

**W. F. Chambers,** for plaintiff.

**E. R. Donahue,** for defendant.

## PER CURIAM.

The act of April 25, 1904 (97 O. L. 403), insofar as it amended the act of April 4, 1902, is remedial, and under Sec. 3 of the act applies to this action, which was pending at the time. Revised Statutes 79 (Lan. 98); *Lawrence Ry.* v. *Mahoning Co. (Comrs.)* 35 Ohio St. 1.

The act of April 4, 1902 (95 O. L. 93), and the act of April 5, 1904 (97 O. L. 403), each amending Rev. Stat. 1104 (Lan. 2451), contain substantially the same provision, to wit:

"And it is sufficient, having made the proper parties, for the treasurer to allege in his petition that the taxes and assessments, or either, stand charged on the duplicate against said premises, the amount thereof, and that the same are unpaid."

The allegation, therefore, that the taxes and assessments stand charged on the "forfeited duplicate" will, so far as plaintiff's right to maintain the action is concerned, be deemed surplusage, although the proof shows that they appeared on the delinquent duplicate. It appears that this property in fact was improperly advertised and offered for sale on a delinquent list, and if defendant has illegally been subjected to any penalties, costs or interest, on this account, due allowance could be made in this action, but we do not find that any illegal charges are made against him on this account.

The costs incurred in making unnecessary parties will be taxed against the plaintiff. Decree in favor of the plaintiff.